IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSE ALFARO,** : | Civil No. 3:22-cv-0761 |
| **Plaintiff,** : | |
| : | (Judge Sylvia H. Rambo) |
| v. : | |
| **UNITED STATES, et al.,** : | |
| **Defendants.** : | |

# O R D E R

**AND NOW**, this 14th day of December, 2022, upon consideration of the Report and Recommendation (Doc. 10) of United States Magistrate Judge Karoline Mehalchick, recommending that this matter be dismissed pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute, and the court noting the Plaintiff has not filed objections[1] to the instant report and that there is no clear error on the record, *see Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), and the court finding Magistrate Judge Mehalchick's analysis of the *Poulis* factors to be thorough, well-reasoned, and fully supported by the record, **IT IS HEREBY ORDERED THAT:**

1) The Report and Recommendation (Doc. 10) is **ADOPTED**;

2) This matter is **DISMISSED** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b);

3) The Clerk of Court is **DIRECTED** to close the file on this case; and

4) Any appeal taken from this order is deemed frivolous and not in good faith.

                                                             s/Sylvia H. Rambo
                                                             United States District Judge